IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBBIE REED,                    )<br>                                                 )<br>           Plaintiff,             )<br>                                                 )           CIVIL ACTION<br>v.                                             )<br>                                                 )           No. 04-2603-CM<br>                                                 )<br>ENTERCOM COMMUNICATIONS CORP.,)<br>d/b/a ENTERCOM KANSAS CITY, LLC,   )<br>                                                 )<br>           Defendant.           )<br>                                                 ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this Title VII action claiming that defendant discriminated against her because of her sex and retaliated against her for complaining about disparate treatment of female employees. With respect to her retaliation claim, plaintiff claims that she was subjected to retaliation both before and after her termination. Now pending before the court is Defendant's Motion to Dismiss Plaintiff's Post-Employment Retaliation Claim (Doc. 20). Defendant claims that plaintiff's post-employment retaliation claim, which was not included in plaintiff's original complaint, was untimely filed. For the following reasons, the court grants defendant's motion.

**I. Factual Background**

Defendant terminated plaintiff's employment in February 2003. After her termination, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was terminated because of her sex. The EEOC issued a right-to-sue letter in September 2004. Also in September 2004, plaintiff filed a second Charge of Discrimination, claiming post-employment retaliation. Plaintiff's second charge alleged that on January 5, 2004,

defendant wrongfully interfered with plaintiff's business relationships in retaliation for her filing charges with the EEOC and the Kansas Human Rights Commission.

On December 21, 2004, plaintiff filed her original complaint within ninety days of receiving her September 2004 right-to-sue letter from the EEOC, as required by 42 U.S.C. § 2000e-5(f)(1). In her original complaint, plaintiff alleged that because of her sex, defendant subjected her to disparate terms and conditions of employment and terminated her employment. Plaintiff further alleged that because she complained about the disparate treatment, defendant discriminated against her and discharged her.

On February 3, 2005, the EEOC issued plaintiff a right-to-sue letter for her post-employment retaliation claim. Plaintiff then filed an amended complaint in this case in October 2005 – admittedly well outside of the ninety-day statute of limitations.

## II. Discussion

The pivotal issue before the court is whether the post-employment retaliation claim in plaintiff's amended complaint relates back to the filing of plaintiff's original complaint. If the claim relates back, it was timely-filed. If not, it is barred by the statute of limitations.

Fed. R. Civ. P. 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ." Rule 15(c)(2) is intended to give the defendant "fair notice that the litigation is arising out of a specific factual situation." *Spillman v. Carter*, 918 F. Supp. 336, 339 (D. Kan. 1996) (citation omitted). A claim in an amended pleading will not relate back to a previous pleading unless the previous pleading fairly gave the defendant notice of the later-asserted claim. *See id.*; *Landis v.*

*Corr. Corp. of Am.-Leavenworth Det. Ctr.*, 1999 WL 459338, at *3 (D. Kan. June 11, 1999). When an amendment is based on different facts, transactions, and occurrences, a claim in an amended pleading will not relate back. *Marsh v. Coleman Co., Inc.*, 774 F. Supp. 608, 613 (D. Kan. 1991).

Plaintiff's post-employment retaliation claim is based on new facts not alleged in her original complaint. Significantly, the post-employment action allegedly happened eleven months after plaintiff's termination. Plaintiff's original complaint does not reference any events occurring after her termination, and the court finds that defendant could not have reasonably anticipated that it should prepare for a case involving plaintiff's post-employment claims. *See id.* ("Defendant had no reason to anticipate from reading the plaintiff's original complaint that it should prepare to defend a case based on acts more than three years earlier.").

The court recognizes that relation back is allowed for amendments that allege another unlawful motive for the same adverse employment action. *See id.* (citations omitted). But before the court is a distinct adverse action – notably, an action that plaintiff knew of when she filed her original complaint. Despite being aware of the claim, she did not amend her original Charge of Discrimination, although she had eight months to do so before the EEOC issued its first right-to-sue letter. Nor did she include the facts in her original complaint or amend her original complaint within ninety days of receiving her second right-to-sue letter. Instead, plaintiff waited eight months after receiving her second right-to-sue letter to amend her original complaint. The court finds that the relation back doctrine is not applicable here. Plaintiff's post-employment retaliation claim was filed outside of the statute of limitations, and is therefore dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Post-Employment Retaliation Claim (Doc. 20) is granted.

-4-

Dated this 28th day of April 2006, at Kansas City, Kansas.

                                                   **s/ Carlos Murguia**
                                                   **CARLOS MURGUIA**
                                                   **United States District Judge**